UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:20-cv-0843 CKD P |
| Plaintiff, | |
| v. | ORDER |
| RALPH M. DIAZ, et al., | |
| Defendants. | |

Plaintiff, a California civil committee, is proceeding in this action pro se seeking damages under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.

4  In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
9  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
12 at 678. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 51 U.S. 89, 93-94 (2007), and
14 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15 U.S. 232, 236 (1974).

16 The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
17 which relief can be granted under federal law. For the most part, the allegations in the complaint
18 are conclusory without sufficient factual support. For these reasons, plaintiff's complaint must be
19 dismissed. The court will, however, grant leave to file an amended complaint.

20 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
21 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
22 Cassidy, 625 F.2d 227 (9th Cir. 1980). To do this, plaintiff must identify which federal right he
23 believes has been violated and then point to specific facts, not merely conclusions, which indicate
24 the right has been violated. For example, if plaintiff believes he has been subjected to harmful
25 conditions of confinement in violation of the Fourteenth Amendment,[1] plaintiff must so state and

---

[1] The Fourteenth Amendment rather than the Eighth Amendment provides plaintiff with protection concerning conditions of confinement because plaintiff is civilly committed rather than a prisoner. Hydrick v. Hunter, 500 F.3d 978, 994 (9th Cir. 2007) vacated on other grounds by 556 U.S. 1256 (2009).

1  then present facts showing the conditions to which he has been subjected, that a particular

2  defendant is responsible for subjecting plaintiff to such conditions and that plaintiff sustained

3  injury as a result of being subjected to the conditions.

4      Plaintiff is informed that the court cannot refer to a prior pleading in order to make

5  plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

6  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

7  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

8  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

9  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

10  and the involvement of each defendant must be sufficiently alleged.

11      In accordance with the above, IT IS HEREBY ORDERED that:

12      1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

13      2. Plaintiff's complaint is dismissed; and

14      3. Plaintiff is granted thirty days from the date of service of this order to file an amended

15  complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

16  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

17  and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

18  amended complaint; failure to file an amended complaint in accordance with this order will result

19  in a recommendation that this action be dismissed.

20  Dated: May 5, 2020

21      _____

22      CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

25  1
  hill0843.14